JC

RECEIVED
DEC 30 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MN

FILED
1/7/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
YM

SILVER CROSS HOSPITAL;

JOHN AND JANE DOE 51–65, Silver Cross Hospital medical employees, in their individual capacities;

Defendants.

Case No.: 1:25-cv-12730

Judge: Hon. Sharon Johnson Coleman

---

# FIRST AMENDED COMPLAINT

## I. JURISDICTION

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## II. VENUE

3. Venue is proper under 28 U.S.C. § 1391(b) because the events described occurred within this District.

## III. PARTIES

4. Plaintiff Leroy Raymond Bracey is a resident of Chicago, Illinois.

5. Defendant State of Illinois is named solely for declaratory and injunctive relief.
6. Defendant Illinois Secretary of State, Driver Services Department maintains driver records used for enforcement.
7. John and Jane Doe Secretary of State Employees 1–10 are unknown employees involved in the creation, maintenance, or enforcement of Plaintiff's driver record.
8. Chicago Police Officers John and Jane Doe 11–40 are officers from multiple CPD districts who stopped, detained, arrested, or jailed Plaintiff on alleged suspended or revoked license status between approximately 2006 and 2025.
9. Village of Mokena Police Officers John and Jane Doe 41–50 were involved in a traffic stop and custody of Plaintiff in March 2025.
10. Silver Cross Hospital is a hospital located in Will County, Illinois.
11. John and Jane Doe Silver Cross Hospital Medical Employees 51–65 include nurses, physicians, and staff involved in Plaintiff's evaluation and discharge.

All individual defendants are sued in their individual capacities.

# IV. PRIOR FEDERAL CASES (DISCLOSURE)

12. Plaintiff has filed other actions in this District, including:

a. Bracey v. Illinois Department of Children and Family Services et al., Case No. 1:25-cv-12729 (Judge Manish S. Shah).

b. Bracey v. NAMI Metro Suburban et al., Case No. 1:25-cv-11748 (Judge John F. Kness).

13. These cases involve different defendants and different operative facts.

# V. FACTUAL ALLEGATIONS

## A. Driver Record and Repeated CPD Enforcement

14. Plaintiff has never been issued an Illinois driver's license.
15. On or about 2003, Plaintiff attempted to test for a driver's license and was informed that he could not test because a record already reflected a suspension or revocation.
16. Plaintiff did not receive notice by mail or in person explaining the creation or basis of this record.
17. From approximately 2006 through 2025, Plaintiff was repeatedly stopped, detained, arrested, and jailed by Chicago Police Officers based on the status of this driver record.

18. These encounters resulted in vehicle impoundments, overnight detention, and on some occasions multiple days in custody.
19. During these encounters, Plaintiff experienced fear, anxiety, disruption to employment, and difficulty accessing medical care.

## B. Medical Background

20. Plaintiff survived gunshot wounds sustained on or about March 19, 2019, and March 10, 2023.
21. Plaintiff has ongoing physical conditions including abdominal injury, pancreatic injury, nerve damage, and requires a permanent ostomy.
22. Plaintiff has been diagnosed with PTSD and ADHD.
23. Plaintiff experiences heightened stress responses during custodial encounters, including chest tightness, fear, dehydration, racing thoughts, and difficulty concentrating.

## C. March 2025 – Mokena Police Traffic Stop

24. On or about March 2025, Plaintiff was driving toward University of Chicago Medicine due to an ostomy emergency.
25. Plaintiff's ostomy bag was full and detaching from his skin, causing exposed intestinal tissue and abdominal pain.
26. Plaintiff had already contacted a local hospital and was told that appropriate ostomy supplies might not be available.
27. Plaintiff's treating providers at University of Chicago Medicine had previously instructed him to report there if his supplies failed before replacements arrived.
28. Mokena Police officers stopped Plaintiff and ordered him out of his vehicle.
29. Plaintiff requested to continue to University of Chicago Medicine and showed officers the exposed condition.
30. Officers did not permit Plaintiff to continue and contacted EMS.
31. During the encounter, Plaintiff experienced fear, chest tightness, dehydration, heightened anxiety, and worsening abdominal pain.

## D. Silver Cross Hospital – Discharge

32. Plaintiff was transported by EMS to Silver Cross Hospital.
33. Upon arrival, Plaintiff's ostomy bag remained detached, with exposed intestinal tissue and abdominal pain.
34. Plaintiff informed Silver Cross staff of his condition and need for appropriate ostomy supplies.

35. Silver Cross staff stated that the hospital did not have the ostomy appliance required for Plaintiff's condition.
36. A substitute ostomy bag was applied.
37. Plaintiff advised staff that the substitute appliance was not sealing, was cutting into his intestine, and continued to detach.
38. Plaintiff showed staff that intestinal tissue remained exposed.
39. Silver Cross staff stated that no other ostomy appliances were available.
40. Plaintiff was discharged while continuing to experience abdominal pain, exposed intestinal tissue, dehydration, chest tightness, anxiety, and physical weakness.
41. Plaintiff was released back into police custody following discharge.

### E. Post-Discharge Custody and Release

42. After discharge, Plaintiff was transported to the Mokena Police Department.
43. Plaintiff informed officers before transport, during transport, and upon arrival that the ostomy bag was not attached and his intestines were exposed.
44. Officers observed Plaintiff's condition.
45. Plaintiff requested medical assistance.
46. Plaintiff's vehicle had been impounded.
47. After being processed by the Mokena Police Department, Plaintiff was released from custody at a police facility that was closed to the public and was not provided transportation.
48. Plaintiff was told he could return to Silver Cross Hospital or attempt to reach University of Chicago Medicine.
49. Plaintiff recorded a brief video showing his exposed condition while waiting outside the station.
50. Plaintiff remained outside for approximately one hour until assistance arrived.
51. During this period, Plaintiff experienced fear, humiliation, dehydration, physical weakness, and emotional distress.

## VI. CLAIMS FOR RELIEF

### Count I – Fourth Amendment (Seizure)

(Against Law Enforcement Defendants)

52. Plaintiff incorporates the foregoing paragraphs.

53. Plaintiff was stopped, detained, and transported during a medical emergency.

### Count II – Fourteenth Amendment (Medical Care – Pretrial Detainee Standard)

(Against Mokena Police Officers and Silver Cross Medical Employees)

54. Plaintiff was discharged and returned to custody while continuing to experience exposed intestinal tissue, pain, dehydration, and fear.

### Count III – Fourteenth Amendment (Due Process)

(Against Secretary of State Employees and Law Enforcement Defendants)

55. Plaintiff was repeatedly detained and jailed based on a driver record without receiving notice of its creation or basis.

### Count IV – Declaratory and Injunctive Relief

(Against State of Illinois and Secretary of State)

56. Plaintiff seeks declaratory and injunctive relief related to the maintenance and enforcement of his driver record.

## VII. INJURIES

57. Plaintiff experienced physical pain, dehydration, exposure of intestinal tissue, fear, anxiety, humiliation, worsening PTSD symptoms, and disruption of medical care.
58. Plaintiff experienced difficulty concentrating, emotional distress, and loss of normal daily functioning.

## VIII. RELIEF REQUESTED

Plaintiff requests:

A. Declaratory relief;

B. Injunctive relief against the State of Illinois and Secretary of State;

C. Compensatory damages against individual defendants;

D. Punitive damages against individual defendants;

E. Costs and any further relief deemed just.

## IX. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

---

Respectfully submitted,

Leroy Raymond Bracey

4907 W. West End Ave.

Chicago, IL 60644

872-373-7336

LeroyBracey13@gmail.com

Pro Se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

LEROY RAYMOND BRACEY,

Plaintiff,

v.

STATE OF ILLINOIS,

(for declaratory and injunctive relief only);

ILLINOIS SECRETARY OF STATE, DRIVER SERVICES DEPARTMENT;

JOHN AND JANE DOE 1–10, Illinois Secretary of State employees,

in their individual capacities;

JOHN AND JANE DOE 11–40, Chicago Police Officers (multiple districts),

in their individual capacities;

JOHN AND JANE DOE 41–50, Village of Mokena Police Officers,

in their individual capacities;